## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **MATTIE YOUNG** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 6:21-cv-00355** |
| | ) | |
| | ) | **Judge Alan D. Albright** |
| **CEDAR CREST HOSPITAL AND** | ) | **Magistrate Judge Jeffrey C. Manske** |
| **RESIDENTIAL TREATMENT CENTER** | ) | |
| **and** | ) | |
| **ACADIA CORPORATE HEADQUARTERS** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

### I.    Introduction

This lawsuit should be dismissed because Plaintiff failed to exhaust her administrative remedies or plead facts sufficient to establish a cause of action against Cedar Crest or Acadia. Plaintiff filed a Charge of Discrimination only against Cedar Crest for race discrimination and retaliation. For the first time, Plaintiff alleges in this lawsuit newly raised claims of disability discrimination against both Defendants. Equally as fatal to Plaintiff's claims is her failure to articulate facts that establish a causal connection between her protected class and termination of her employment. For all of these reasons, the Court should dismiss the Complaint.

### II.    Brief Statement of Facts and Procedural History

On April 9, 2021, Plaintiff filed suit *pro se* against Cedar Crest and Acadia alleging race discrimination and retaliation under Title VII and disability discrimination under the ADA. Docket No. 1 at ¶ 1. According to the Complaint and its attachments, Cedar Crest (a mental health

facility) employed Plaintiff as a Behavioral Health Associate from August 2019 until June 8, 2020.

*Id*. at Ex. 1.  Plaintiff identified in the Complaint that she has nerve damage, anxiety, and PTSD

disabilities.  *Id.* at ¶ 7.  On May 29, 2020, Plaintiff became involved in an altercation with "Nurse

April" and an unidentified "LVN."  *Id*. at ¶ 8a., Ex. 1 pp. 1-2. Plaintiff claims that, during the

incident, the LVN yelled that "April *was to* have [her] fired for insubordination."  *Id*. at Ex. 1 p. 1

(emphasis added).

Plaintiff claims that the incidents of purported discrimination occurred between May 29,

2020 and July 22, 2020. *Id* at ¶ 4. The only alleged facts that discuss Plaintiff's race or her

purported disability are as follows:

- on June 2, 2020, she reported an incident involving an "abusive nurse" and a "known situation…involving racial biases";

- on June 8, 2020, she spoke with human resources and management, requested an investigation and fair treatment, and was "momentarily terminated";

- during her July 3, 2020 unemployment benefits appeal hearing, the human resources director testified that Plaintiff voluntarily ended her employment after being reprimanded;

- Plaintiff is a "disabled veteran with a known history of rising [sic] her voice"; and,

- on an unknown date, a Cedar Crest patient drew an offensive, "white supremacy symbol" on a wall and she could not "physically wash the wall due to a disability."

*Id.* at ¶ 8a., Ex. 1 p. 2.

Plaintiff filed a Charge of Discrimination (the "Charge" attached as Exhibit A)[1] on

December 7, 2020 and received a Notice of Right to Sue ("Right to Sue") on January 13, 2021. *Id.*

---

[1] Plaintiff did not attach the Charge to her Complaint. The EEOC did not require Cedar Crest to respond to the Charge. Defendants obtained a copy of the Charge from the EEOC pursuant to a Freedom of Information Act request submitted in preparation for responding to this lawsuit. The Court may consider the Charge without converting this Motion to a summary judgment motion. *Bustos v. UPS*, 2020 U.S. Dist. LEXIS 88505, *6-7 (S.D. Tex. April 29, 2020) ("The court next turns to Bustos's assertion that the court cannot consider the EEOC charge attached to UPS's motion to
4831-1137-6874.4

at ¶ 6a. Plaintiff did not attach a copy of a right to sue letter referencing any charge of discrimination filed against Acadia.

### III.   Standard of Review

Before pursuing employment discrimination claims in federal court, a plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a statutory notice of right to sue. *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 444 (W.D. Tex. 2013). Exhaustion of remedies is a "precondition to filing suit in district court" and a plaintiff may not file a lawsuit "based on claims for which he did not exhaust his administrative remedies." *Id.* at 444, 452.  The mere fact that a plaintiff has exhausted administrative remedies for some claims in the charge "does not mean that the [c]omplaint states a claim sufficient to survive a Rule 12(b)(6) motion to dismiss." *Id.* at 452.

A complaint must plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Although a pro se litigant's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to convince the court that the plaintiff has at least a colorable claim." *Ryals v. AG of Tex.*, 2014 U.S. Dist. LEXIS 184408, *11 (W.D. Tex. Sept. 29, 2014) (internal citations omitted); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted.).

---

dismiss without converting it into a motion for summary judgment. Bustos's argument is without merit. Because the EEOC charge is central to the complaint, UPS is permitted to attach a copy of it to its motion to dismiss for the court's consideration.")
4831-1137-6874.4

### IV.    <u>Legal Analysis</u>

Plaintiff's claims fail as a matter of law because she failed to exhaust her administrative remedies as to all of her claims against Acadia as well as her disability discrimination claims against Cedar Crest. Moreover, the pleadings do not describe how, or sufficiently allege that, Defendants terminated her employment or treated her differently because of her race or took some adverse against her because of her purported protected activity. Accordingly, the Court should grant Defendants' Motion for failure to state a claim upon which relief can be granted.

### A.    **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES**

#### i.    **The Court must dismiss all claims against Acadia because Plaintiff did not file a Charge of Discrimination against it.**

The filing of an EEOC charge is a condition precedent to Plaintiff's ability to bring employment discrimination claims against Acadia.[2] *Prewitt,* 927 F. Supp. 2d at 444. Plaintiff alleged that she filed a charge of discrimination against Defendants, Docket No. 1 at ¶ 5, but she did not attach a right to sue letter or a charge that references Acadia. Plaintiff may not pursue her causes of action against Acadia absent proof that she actually filed a charge and received a right to sue letter. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (affirming dismissal of ADA claims where plaintiff failed to file a charge of discrimination and attach a right to sue letter to complaint); *Gutierrez v. Couronne Co. Glass & Metal*, 2018 U.S. Dist. LEXIS 93681, *4 (W.D. Tex. June 1, 2018) (dismissing Title VII and ADA claims because plaintiff failed to allege that he received a right to sue letter or present evidence that the letter was issued); *Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (same); *Banks v. Hazlehurst City Sch.*, 2016 U.S. Dist. LEXIS 59216, *8-9 (S.D. Miss. May 4, 2016) (same).

---

[2] Acadia never employed Plaintiff and does not have any employees.

Here, Plaintiff failed to attach a right to sue letter issued in response to any charge of discrimination against Acadia. She did not do so because the Charge that she did file did not name Acadia. *See* Exhibit A. Accordingly, the Court must dismiss her claims against Acadia for failure to exhaust.

### ii. The Court must dismiss Plaintiff's disability discrimination claims against Cedar Crest because she did not raise them in her Charge.

Plaintiff did not allege disability discrimination in the Charge. *See* Exhibit A. As a matter of law, she is barred from raising them for the first time in this litigation. *Castro v. Tex. Dep't of Crim. Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013) (dismissing race and sex discrimination claims for failure to exhaust where plaintiff's charge of discrimination only referenced ADEA claims); *Ginn v. Tex. Wired Music, Inc.*, 2000 U.S. Dist. LEXIS 22511, *17 (W.D. Tex. Aug. 10, 2000) (finding that race discrimination claims were barred because plaintiff only alleged gender and age discrimination in EEOC charge), *aff'd* 2001 U.S. App. LEXIS 31551 (5th Cir. 2001); *Prewitt*, 927 F. Supp. 2d at 451 ("Because discrimination and retaliation claims are distinct, . . . alleging one and not the other in an EEO charge does not exhaust a plaintiff's remedies as to the one not included.") (internal citations and quotation marks omitted).

Under Fifth Circuit law, the "reasonable expectation rule requires that the allegations in a subsequent judicial complaint be 'like or related to' allegations made in the EEOC charge." K*ing v. Life Sch.*, 809 F. Supp. 2d 572, 579-80 (N.D. Tex. 2011) (citing *Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d 1195, 1201 (5th Cir. 1984)). In *King*, the plaintiff checked only the box for race discrimination when filing her EEOC charge but filed suit against the defendant for age discrimination, gender discrimination, and retaliation. *Id*. at 580. Like Plaintiff, the plaintiff in *King* explicitly wrote in her charge that she had been "discriminated against because of [her] race, Black, in violation of Title VII[.]" *Id.* at 579. The Texas Northern District Court held that,

4831-1137-6874.4

5

"[b]ecause the facts alleged in her complaint related to race, an investigation reasonably expected to grow out of that charge would not encompass retaliation, gender discrimination, or age discrimination." *Id.* at 581.

Plaintiff's Complaint is similarly flawed and she cannot pursue disability discrimination claims against Cedar Crest because she did not exhaust her administrative remedies at the EEOC. Plaintiff checked only the race and retaliation boxes on the Charge and only referenced racial discrimination and retaliation in her narrative. *See* Exhibit A. The Court, therefore, should dismiss the disability discrimination claim. *See King,* 809 F. Supp. 2d at 581.

### iii.   Any Title VII claims against Cedar Crest arising after June 10, 2020 are barred because she did not raise them in the Charge.

Plaintiff's race discrimination and retaliation claims that arose outside the timeframe alleged in the Charge are also barred as a matter of law. The Charge explicitly states that the events of discrimination took place between May 29, 2020 and June 10, 2020. Plaintiff now claims that she is entitled to relief for incidents of discrimination that last took place until July 22, 2020— forty-two days longer than the timeframe contemplated in the EEOC investigation. She may not pursue those claims in this lawsuit. *Cutrer v. Tarrant Cty. Workforce Dev. Bd.*, 2020 U.S. Dist. LEXIS 182964, *23 n.9 (N.D. Tex. Oct. 2, 2020) (finding that plaintiff's viable retaliation claims were limited to acts that occurred within the date range indicated in charge of discrimination). As the Fifth Circuit explained, "[c]ourts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus*., 519 F.3d 264, 273 (5th Cir. 2008); *see also Prewitt*, 927 F. Supp. 2d at 447.

Simply put, Plaintiff cannot pursue claims that are outside the scope of the Charge. Any alleged acts of discrimination or retaliation by Defendants that took place after the incidents investigated by the EEOC are outside of this Court's jurisdiction and must be dismissed.

**B.      THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM TO RELIEF FOR RACE DISCRIMINATION OR RETALIATION UNDER TITLE VII.**

To prevail on her Title VII race discrimination claims against Cedar Crest, Plaintiff must prove that: (1) she is a member of a protected class (i.e., Black); (2) she was qualified for the position; (3) she was terminated or suffered an adverse employment action; and, (4) Defendants treated other similarly situated, non-minority employees more favorably. *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 (W.D. Tex. 2007) (internal citation omitted); *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997).  In establishing a cause of action for retaliation, Plaintiff must also demonstrate that she engaged in protected activity, she suffered an adverse employment action, and a causal link exists between the protected activity and the adverse action. *Davis v. Fort Bend County*, 765 F.3d 480, 489-90 (5th Cir. 2014).

Although a plaintiff is not required to prove her case at this stage, the allegations in the Complaint must at least give the defendant(s) fair notice of her claims and "the grounds upon which they rest." *Cornish v. Lancaster Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS 39334, *5 (N.D. Tex. Jan. 21, 2005) (internal citation omitted); *see also Puente v. Ridge*, 324 Fed. Appx. 423, 427-28 (5th Cir. 2009) (approving use of *McDonnell-Douglas* Title VII framework to test whether a plaintiff has alleged facts sufficient to state all the elements of a discrimination claim). Here, the Complaint does not allege facts sufficient to prove that Plaintiff suffered any adverse employment action or was treated less favorably because of her race or because she engaged in protected activity.

Plaintiff does not disclose her race in the Complaint and she left blank the boxes indicating whether she is suing due to discrimination based on race, color, sex, religion, national origin, or age. This deficiency alone warrants dismissal of her discrimination claims under Rule 12(b)(6) because the Complaint does not put Defendants on notice of the Title VII claims against them. *See id*. However, Defendants surmise that Plaintiff is making a claim for race discrimination given her reference to "racial biases", Docket No. 1 at 5, and the allegations in the Charge.

At the EEOC stage, Plaintiff explained the basis for her race discrimination and retaliation claims as follows:

> On or around June 8, 2020 I was wrongfully terminated after being discriminated against based on my race (Black) and retaliation. I filed a complaint against April (Last Name Unknown) for harassment and no corrective actions were taken so I began to complain of the inaction. Because I complained of the inaction I was terminated as retaliation. I was told I was being terminated for patient abandonment which I didnt do. I believe that I was discriminated against because of my sex [sic] (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended.

*See* Exhibit A. Similar to the Complaint, the substantive allegations in the Charge state only that Plaintiff complained about the employee identified as "April" and Cedar Crest terminated Plaintiff for job abandonment. This set of asserted facts is insufficient to state a claim for race discrimination or retaliation. Plaintiff's claims are based, at best, on a conclusory assumption of discrimination that is unsupported by the facts set forth in the Complaint.[3] *See, e.g., Richards v. JRK Prop. Holdings,* 405 Fed. Appx. 829, 831 (5th Cir. 2010) (dismissing Title VII discrimination

---

[3] In addition to being legally insufficient, certain of Plaintiff's proffered facts are conflicting and it is unclear when the alleged termination occurred. On one hand, Plaintiff claims that the LVN only threatened her with termination on May 29, 2020 and she left work voluntarily after a nurse on duty asked her stay.  Docket No. 1 at Ex. 1, p. 2.  On the other hand, she claims that Cedar Crest "momentarily terminated" her on June 8, 2020 at which time she submitted an internal complaint and filed for unemployment benefits.  *Id*. at ¶ 8a. Notwithstanding this confusing recitation of facts, Plaintiff's Title VII claims cannot withstand judicial scrutiny because, even when viewed in the light most favorable to Plaintiff, her claims do not meet the plausibility standard required to survive a motion to dismiss.

and retaliation claims for failure to allege causal connection between plaintiff's race, adverse employment action, and protected activity); *Walls v. Panetta,* 2012 U.S. Dist. LEXIS 172878*, *4-5 (E.D. Tex. Dec. 5, 2012) ("The heightened [federal] pleading standard applies to Title VII cases. A plaintiff's conclusory assertions of retaliation do not satisfy the plausibility standard under *Iqbal* and *Twombly*."); *Williams v. Recovery Sch. Dist.,* 859 F. Supp. 2d 824, 830 (E.D. La. 2012) ("Williams's conclusory allegation that RSD discriminated against him on the basis of his race 'is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss.'") (citing *Richards*).

Plaintiff's Title VII discrimination and retaliation claims are premised on nothing more than a formulaic legal conclusion. She claims that Cedar Crest discriminated and retaliated against her because of her race, but the alleged facts do not describe any nexus between her race, the end of her employment, and any protected activity. Plaintiff's unsubstantiated conclusion that her employment ended because of her race is not enough to save her lawsuit from dismissal and the Court should dismiss her claims.

## V.   <u>Conclusion</u>

For the forgoing reasons, the Court should dismiss the Complaint and grant any other relief it deems just and necessary.

/s/ Mark W. Peters
Mark W. Peters (TN Bar # 018422)
Flynne M. Dowdy (Bar # 24089774)
(Admission forthcoming)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
(615) 244-6380
(615) 244-6804 (Facsimile)

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2021 a copy of the foregoing has been served via email and U.S. Mail upon:

Mattie Young
4207 Thunder Creek Dr.
Apt. A
Killeen, Texas 76549
mattieyoung1@yahoo.com

*Plaintiff*

/s/ Mark W. Peters