IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MATTIE YOUNG,** *Plaintiff,* | § § § | |
| v. | § § | W-21-CV-00355-ADA |
| **CEDAR CREST HOSPITAL & RESIDENTIAL TREATMENT CENTER, ACADIA CORPORATE HEADQUARTERS,** *Defendants.* | § § § § § § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**TO:**   **THE HONORABLE ALAN D ALBRIGHT,**
            **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' Motion to Dismiss (ECF No. 8) and Memorandum in Support (ECF No. 9). For the reasons explained below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

###   I.   BACKGROUND

Plaintiff Mattie Young originally filed this action on April 9, 2021, in the United States District Court for the Western District of Texas, Waco Division, alleging disability discrimination and retaliation by Defendants Cedar Crest Hospital ("Cedar Crest") and Acadia Corporate Headquarters ("Acadia"). ECF No. 1. Defendants filed a Motion to Dismiss on May 24, 2021, alleging that Plaintiff failed to exhaust her administrative remedies required by the Texas

Workforce Commission and the Equal Employment Opportunity Commission, alleged newly raised claims of disability discrimination against Defendants, and failed to articulate facts that establish a causal connection between her protected class and the termination of her employment. ECF No. 9. In Plaintiff's original charge of discrimination, Plaintiff only alleged race discrimination and retaliation via termination. ECF No. 9. The original charge did not mention Acadia, nor did it raise any disability discrimination claims against Cedar Crest. *Id.* Plaintiff filed a Response to the Motion to Dismiss on August 18, 2021. ECF No. 11.

## II. LEGAL STANDARD

### A. Title VII

As a precondition to filing a Title VII claim, employees must exhaust administrative remedies before seeking judicial relief. *See McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008); *Wellington v. Tex. Guaranteed*, No. A-13-CA-077-SS, 2014 WL 2114832, at *5 (W.D. Tex. 2014). Exhaustion occurs when (1) an individual files a timely charge with the EEOC, (2) her claim is dismissed by that agency, and (3) the agency informs her of her right to sue in federal court. *See Graham v. Bluebonnet Trails Cmty. Servs.*, No. A-12-CA-977-SS, 2014 WL 1342859, at *6 (W.D. Tex. 2014) (citing 42 U.S.C. § 2000e-5(f)(1)). Plaintiff must exhaust administrative remedies because allowing a complaint to encompass allegations outside the scope of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the changes. *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004) (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985)). As a result, "[c]ourts should not condone lawsuits that exceed the scope of [administrative] exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain*, 519 F.3d at 273; *accord Wallace v. Tesoro Corp.*, 796 F.3d 468, 476 (5th Cir. 2015) ("It

would thwart the administrative scheme to allow plaintiffs to sue on claims that the agency never had the chance to investigate and attempt to resolve."); *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) ("Indeed, [a] less exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance.").

To determine whether administrative remedies have been exhausted, courts use a "fact-intensive analysis" of the administrative charge looking to the substance of the charge. *See McClain*, 519 F.3d at 273. A Title VII suit may "extend as far as, but no further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (emphasis added). "Courts have been more stringent where the cause of action stemmed not from an incorrectly labeled legal conclusion, but from factual allegations omitted from the charge of discrimination;" the rationale of protecting the lay person does not apply as strongly regarding factual allegations. *Waters v. City of Dall.*, No. 3:11-CV-0540-K, 2012 U.S. Dist. LEXIS 156496, 2012 WL 5363426, at *5 (N.D. Tex., 2012); *e.g. Soto v. Costco Wholesale Corp.*, No. SA-12-CV-790-XR, 2013 U.S. Dist. LEXIS 103939, at *13 (W.D. Tex. 2013) ("the charge will not be construed to include facts that were initially omitted").

B.   **Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

**A.     Under Title VII, Plaintiff failed to exhaust her administrative remedies on her allegations against Acadia.**

Defendants allege that Plaintiff failed to file a Charge of Discrimination against Acadia, and that in the Charge that she did file, she alleged only racial discrimination and retaliation under Title VII—not disability discrimination under the Americans with Disabilities Act. ECF No. 9 at 4–5. Defendants contend that Plaintiff's claims against Acadia and disability discrimination claim against Cedar Crest should be dismissed for failure to exhaust administrative remedies. *Id.*

Because Plaintiff did not allege conduct on the part of Acadia in the Charge of Discrimination, Plaintiff failed to exhaust her administrative remedies. In the original charge of discrimination, Plaintiff alleged race discrimination and retaliation via termination. *See* ECF No. 9-1. However, Plaintiff failed to allege conduct on the part of Acadia, to name Acadia in her charge, or to allege disability discrimination therein. *See id.* The scope of a Title VII suit can "extend as far as, *but no further than*, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Straughn v. Tex. Powertrain Assembly, LLC*, No. 5:13-CV-709-DAE, 2014 WL 5426489, at *9 (W.D. Tex. Oct. 22, 2014) (emphasis added). Moreover,

the charge and the complaint must "describe the *same conduct* and implicate the *same individuals*." *Sosebee*, 906 F. Supp. 2d at 601 (emphasis in original).

Plaintiff's claim that Acadia is a proper defendant because Cedar Crest is a subsidiary of Acadia fails because Plaintiff's EEOC charge of discrimination does not mention the parent company, and Plaintiff cannot show the companies are a single employer. *See* ECF No. 11 at 1. Assuming that Acadia is the parent company of Cedar Crest, the liability of a parent company for employment discrimination depends upon whether the parent and subsidiary companies are a single employer. *See Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606 (5th Cir. 1999). "Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id*. at 615 (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)); *see also Garcia v. Elf Atochem N. Am.*, 28 F.3d 446, 450 (5th Cir. 1994). Traditionally, the "centralized control of labor relations" factor is considered the most important. In analyzing the issue, courts have focused almost exclusively on one question: which entity made the final decisions regarding employment matters relating to the person claiming discrimination. *See, e.g., Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 764 (5th Cir. 1997) (citing *Trevino*, 701 F.2d at 404). Here, Plaintiff has not alleged that anyone at Acadia made the final decisions regarding employment matters with respect to her discrimination and retaliation claims.

Because of the narrow allegations in the administrative charge, the additional allegations Plaintiff included in her complaint as to actions taken by Acadia do not fall within the scope of a reasonable investigation into the administrative charge. Plaintiff failed to exhaust her

administrative remedies as to the allegations against Acadia. As a result, the undersigned recommends that Plaintiff's claims against Acadia be dismissed.

**B.      Under Title VII, Plaintiff failed to exhaust her administrative remedies on her disability discrimination claims against Cedar Crest.**

Plaintiff submitted a charge to the EEOC alleging race discrimination and retaliation by Cedar Crest. ECF No. 9-1 at 2–3. In her Complaint, Plaintiff alleges disability discrimination and retaliation by Acadia and Cedar Crest. ECF No. 1 at 28.

Plaintiff failed to exhaust her administrative remedies as to the disability discrimination claims against Cedar Crest because those allegations were not made in the original charge, nor do they exist within the same scope as the original charge of race discrimination and retaliation. *See Clayton*, 106 F. App'x at 271. ECF No. 9-1 at 2–3. Because of the narrow allegations in the original charge of race discrimination and retaliation, the disability discrimination allegations do not fall within the scope of a reasonable investigation. The "reasonable expectation rule requires that the allegations in a subsequent judicial complaint be 'like or related to' allegations made in the EEOC charge." *King v. Life Sch.*, 809 F. Supp. 2d 572, 579-80 (N.D. Tex. 2011) (citing *Vuyanich v. Republic Nat'l Bank of Dallas*, 723 F.2d 1195, 1201 (5th Cir. 1984)). Because Plaintiff specifically alleged race discrimination and retaliation and did not mention disability discrimination, a reasonable investigation expected to stem from the original charge would not encompass disability discrimination. *See id.* at 581. As a result, the undersigned recommends that Plaintiff's claims against Cedar Crest be dismissed.

**C.      Plaintiff fails to state a plausible claim to relief for race discrimination or retaliation.**

To prevail on her Title VII race discrimination claims against Cedar Crest, Plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she

was terminated or suffered an adverse employment action; and, (4) Defendants treated other similarly situated, non-minority employees more favorably. *Silva v. Chertoff*, 512 F. Supp. 2d 792, 803 (W.D. Tex. 2007) (internal citation omitted); *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997). In establishing a cause of action for retaliation, Plaintiff must also demonstrate that she engaged in protected activity, she suffered an adverse employment action, and a causal link exists between the protected activity and the adverse action. *Davis v. Fort Bend County*, 765 F.3d 480, 489-90 (5th Cir. 2014).

Defendants argue that Plaintiff's complaint fails to state a claim of race discrimination or retaliation under Title VII. ECF No. 9 at 7. Defendants assert that because Plaintiff does not disclose her race in her Complaint and did not check the boxes that indicate she is suing due to discrimination based on race, color, sex, region, national origin, or age. *Id.* at 8. However, Defendants also assert that the allegations in the Charge and the Complaint are insufficient to state a claim for race discrimination and retaliation. *Id.*

Plaintiff's race discrimination and retaliation claims are based on conclusory assumptions and should therefore be dismissed. Plaintiff claims that Cedar Crest discriminated and retaliated against her because of her race, but the alleged facts do not describe any nexus between her race and the alleged adverse action. Plaintiff's conclusory assertions do not satisfy the plausibility standard under *Iqbal* and *Twombly*. While Plaintiff makes some references to "racial biases" (ECF No. 1 at 5; *see also* ECF No. 1-1 at 2), Plaintiff does not allege any facts that support a causal link between the protected activity and the adverse action. Plaintiff likewise does not allege that she is a member of a protected class, nor does she "allege any facts, direct or circumstantial, that would suggest [the defendant's] actions were based on [the plaintiff's membership in a protected class] or that [the defendant] treated similarly situated employees of other races or national origin more

favorably." *Chhim v. Univ. of Tex. At Austin*, 836 F.3d 467, 471 (5th Cir. 2016). Therefore, the Court recommends that Plaintiff's claims of race discrimination and retaliation be dismissed.

**D.   Defendants' timeliness defense is irrelevant because this Court is recommending the dismissal of all claims against Cedar Crest and Acadia.**

Defendants additionally allege that any Title VII claims against Cedar Crest arising after June 10, 2020, should be time-barred because they were not raised in the EEOC Charge. ECF No. 9. Since this Court is recommending the dismissal of all claims against Cedar Crest and Acadia, this Court does not reach this issue.

## IV.   RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

## V.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the part is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions

accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d 1415.

SIGNED this 8th day of August, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE